UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:

DERRICK MARTIN, JR.,                      )
                                                      )     Case No. 18-14487-KHT
       Debtor.                        )
                                                      )     Chapter 7

**CREDITORS JEFF AND KATHLEEN PETTY'S
OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION**

       Creditors, Jeff Petty ("Mr. Petty") and Kathleen Petty ("Ms. Petty") (collectively at times the "Pettys" or the "Creditors"), by and through undersigned counsel, hereby files this Objection to Debtor's Claim of Exemption (Dkt. No. 1, p. 24 of 45), and states:

       1.       On May 23, 2018, Derrick Martin, Jr. (the "Debtor"), filed his Voluntary Petition and Schedules for his Chapter 7 bankruptcy. On his Schedule C, the Debtor listed the property located at 23593 East Chenango Place, Aurora, Colorado 80016 (the "Property") as exempt under Colorado law. The Debtor claimed an exemption of $105,000.00, which is the increased homestead exemption where the "homestead is occupied as a home by an elderly or disabled owner, an elderly or disabled spouse of an owner, or an elderly or disabled dependent of an owner." *See* C.R.S. § 38-41-201(1)(b) (increasing the standard homestead exemption for Colorado debtors of $75,000 to $105,000 to protect elderly and/or disabled owners, their elderly and/or disabled spouses, or their elderly and/or disabled dependents). The Debtor asserts his disability related to football injuries qualifies him for the increased homestead exemption.

       2.       Pursuant to Colorado statutes, a "[d]isabled owner … means an owner … who has a physical or mental impairment that is disabling and that, because of other factors such as age, training, experience, or social setting, substantially precludes the owner … from engaging in a useful occupation, as a homeowner, a wage earner, or a self-employed person in *any employment* that exists in the community and for which *he ... has competence*." C.R.S. § 38-41-201(2)(a) (emphasis added).

       3.       The Debtor testified at his 11 U.S.C. § 341 Meeting of Creditors (the "341") that he holds a valid Colorado associate real estate broker license, in good standing, and has his shingle with City Park Realty LLC, 3401 Quebec Street, Denver, Colorado 80207. *See* Ex. A, Colo. Dept. of Regulatory Agencies License No. FA.100051374. In fact, at the initially scheduled 341, held on June 27, 2018, the Trustee elicited testimony from the Debtor that the Debtor earned approximately $84,000.00, likely from apparent real estate commissions.

4. The Debtor testified at his 341 that he could use his real estate broker license to act as a broker in the state of Colorado. Therefore, the Debtor has the ability to "engag[e] in a useful occupation … or a self-employed person in any employment … for which he … has competence." C.R.S. § 38-41-201(2)(a). Not only does the Debtor have the ability to engage in a useful occupation, but he actively maintains his licensure with City Park Realty—he simply chooses not to use his license to act as a real estate broker to earn a commission or other wages.

5. Debtor's attempt to claim a homestead exemption in the amount of $105,000.00 is inappropriate under Colorado's homestead exemption. The proper measure of Debtor's homestead exemption is contained in C.R.S. § 38-41-201(1)(a)—$75,000.00. Debtor does not qualify as disabled under Colorado law, using his testimony given under oath at the 341.

6. The Pettys therefore object to the Debtor's claimed homestead exemption of the Property in the amount of $105,000.00 and request an Order sustaining the objection, reducing the claimed exemption to the proper $75,000.00, and denying the claimed exemption of $105,000.00.

7. The Pettys reserve the right to supplement or amend the within objection.

WHEREFORE, the Pettys request an Order of the Court sustaining the objection to Debtor's claim of a homestead exemption in the amount of $105,000.00, denying said exemption in the amount of $105,000.00, granting an exemption in the amount of $75,000.00, and granting such other and further relief as deemed proper.

RESPECTFULLY submitted this 27th day of July 2018.

**THE CULPEPPER LAW FIRM, P.C.**

*/s/Dustin J. Klein*
Dustin J. Klein, Atty. Reg. No. 45074
*Attorney for Jeff and Kathleen Petty*
1900 Grant St., Ste. 1110
Denver, Colorado 80203
Ph. 800.909.3539/Fax. 800.909.3734

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Objection to Claim of Exemption was delivered electronically via ECF on July 27, 2018 to:

Mr. David Wadsworth, Esq.
Wadsworth Warner Conrardy, PC
2580 W. Main St., Ste. 200
Littleton, CO 80120
*Chapter 7 Trustee*
*via ECF/CM e-filing*

Mr. David Miller, Esq.
Spencer Fane LLP
1700 Lincoln St., Ste. 2000
Denver, CO 80203
*Counsel for Chapter 7 Trustee*
*via ECF/CM e-filing*

Mr. Lawrence R. Hill, Esq.
Allstate Law Center, P.C.
12835 E. Arapahoe Rd.
Tower I – Suite 200
Centennial, CO 80112
*Counsel for Debtor*
*via ECF/CM e-filing*

/s/Dustin J. Klein
Dustin J. Klein